HEARD NOVEMBER TERM, 1873.

## BROTHERS *vs.* RAILROAD COMPANY.

Where a horse feeding near a railroad track became frightened at the noise of an approaching train, and jumping upon the track ran along ahead of the train until he fell into an open culvert over which the road passed, and was killed, and all proper means were used by the engineer to prevent a collision: *Held*, That the company was not liable.

BEFORE GRAHAM, J., AT ORANGEBURG, JANUARY TERM, 1873.

Action against the South Carolina Railroad to recover damages for a horse killed upon the road of the defendant.

It appeared, by the evidence, that the horse was grazing near the road as a freight train was approaching from below, and, becoming frightened, ran by the side of the road for some distance, when it turned suddenly, jumping upon the track and ran upon it ahead of the train, some two hundred yards or more, until it fell into an open culvert over which the track passed, and was killed. The culvert was about four hundred and fifty yards above a pump, at the side of the road. At the culvert, and for some distance below, the track ran upon an embankment which gradually increased in height until, at the culvert, it became about six feet high. Between the pump and the culvert two streets or crossings passed over the road, at one of which, certainly, if not at the other, the horse might have left the road after he jumped upon it. The train did not stop at the pump, but went on at a moderate speed until the horse fell. It was stopped within about thirty yards of the culvert.

The engineer, firemen and others testified that as soon as the horse was seen running by the side of the road the engineer let off steam and used every proper means to stop the train. The engineer's attention was called to the horse by the fireman.

His Honor charged the jury " that the culvert had nothing to do

with the question of negligence, and that they need not embarrass themselves by considering it; that, if from the time the engineer was notified by the fireman of the position of the horse, the engineer was guilty of any neglect of duty, they must find for the plaintiff, otherwise, they must find for defendant." To this charge the plaintiff excepted. The plaintiff then requested His Honor to charge, "that if the jury should be of opinion that, had the engineer slackened his train properly, in approaching and passing the station, he could have taken up his train so as not to have pressed the horse to the culvert, they should find for the plaintiff." This His Honor declined to do, and the plaintiff excepted.

The jury found for the defendant, and the plaintiff appealed.

*Izlar & Dibble*, for appellant.

*Glover & Glover*, contra.

Jan. 31, 1873.   The opinion of the Court was delivered by

WRIGHT, A. J.   It is difficult to prescribe any fixed and general rule, which can apply in all cases where it is sought to make a railroad company liable in damages by reason of the loss of property by the negligence of their agents in running their train. The time, the place, the character of the property, must all be considered as elements through which the result is to be determined. To these there must be added such other incidents as may be developed by the evidence—the whole to be regarded and weighed by the jury, in determining whether such negligence is shown as must make the company liable. The same rule should not apply where a horse suddenly jumps upon the track, and where he is observed upon it by the engineer in full time to afford him opportunity to slacken his speed, so as to avoid contact with him. So, too, greater caution would be required where there is no mode of egress or escape from the track by an animal upon it, by reason of embankments on both sides, than where public or used cross-roads over the track, or a level opening on both sides of it, extend the means of escaping out of reach of all danger.

The first ground of error assigned is so much of the instruction of the Circuit Judge to the jury as charged, "That the culvert had nothing to do with the question of negligence, and that they need not embarrass themselves with considering it." The right of the company to establish open culverts was not questioned. In-

deed, from the evidence, it is clear that it was proper and prudent that the culvert, at the point indicated, should be open. When the Judge charged "that if, from the time the engineer was notified, by the fireman, of the position of the horse, the engineer was guilty of any negligence of duty, they must find for the plaintiff." It appears that he left the fact of negligence entirely to their decision. If, as the testimony shows, there was a way used by persons on horseback, which the horse in question might have taken, "and not a particle of difficulty in getting off at the last street," laid down in the diagram, we do not think that the case should be sent back, because the presiding Judge said to the jury, "they need not embarrass themselves about the culvert." If there had been no possible way for the animal, after being discovered, from getting off the track without encountering the culvert, all reference to the culvert should not have been disregarded, but when it appeared by the testimony that, as soon as the horse was seen, the speed was slackened and collision avoided, it was left to the jury to say whether there was any neglect of duty on the part of the engineer. We do not regard the charge, not to consider the culvert, as amounting to such error in law as would justify us, looking to the whole case, to remand it for a new trial.

The second exception we do not regard as well taken. If the injury had occurred at the station, then it would have been proper to consider the speed of the train at the time, so that the jury might determine whether the loss was imputable to the fast rate at which it was running. The speed might have been slackened at the station, and yet the same consequence might have followed ; for, after passing it, a higher force of steam might have been employed before the horse was seen. We think the charge was conformable to what was said in *Murray* vs. *The South Carolina Railroad Company*, 10 Rich., 232: "That from the time the horse could first have been seen, until he was killed, all proper means and appliances were used to avoid him, and used in vain, a case of accident would have been made out."

The motion must be dismissed.

*Moses*, C. J., and *Willard*, A. J., concurred.